D. Ronnie BRAND, Peggy Correia, Harry Moore, and Duncan Smith, Plaintiffs,

v.

ROBINS FEDERAL CREDIT UNION and Edward Levins, Defendants.

No. 5:97–cv–191–3 (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

July 15, 1997.

Joseph W. Popper, Jr., Michelle Wilkins Johnson, Macon, GA, for Plaintiffs.

Dion Y. Kohler, Atlanta, GA, for Defendants.

### ORDER

OWENS, District Judge.

Before the court is the motion of plaintiffs to remand this case to the State Court of Houston County. The issues to be decided are whether defendants' notice of removal pursuant to 28 U.S.C. § 1446(b) was timely

and whether they are entitled to invoke the alternative removal provisions of 28 U.S.C. § 1442(a)(1).

## I. Procedural History

On August 14, 1995, plaintiffs filed a complaint in the State Court of Houston County against the Robins Federal Credit Union ("RFCU") and Edward Levins. Plaintiffs alleged that Levins unlawfully terminated them in violation of credit union bylaws, illegally interfered with their rights as shareholders, breached a fiduciary duty to them, and wrongfully terminated their employment. All these claims were brought under Georgia law, plaintiffs specifically avowing throughout the proceedings that they did not intend to assert any federal claims.

On November 6, 1996, defendants filed a motion for summary judgment in state court. Defendants argued that plaintiffs as shareholders of RFCU were at-will employees under Georgia law and that their standing as shareholders in RFCU did not alter that status. They also argued that plaintiffs have no private right of action under federal law to challenge their removal by defendant Levins and that their exclusive remedy federal remedy is through an administrative proceeding with the National Credit Union Administration Board.

On April 4, 1997, the state court judge denied defendants' motion for summary judgment. For several enumerated reasons, the court found that RFCU is a federal agency rather than a private employer and that plaintiffs as a result were not at-will employees under Georgia law. The court reasoned that plaintiffs' employment status has been determined by the Federal Credit Union Act ("FCUA"), 12 U.S.C. § 1751, et seq. Consequently, it found that their status in the State of Georgia is that of quasi-government employees who under Georgia law have a vested property interest in their employment.

On May 5, 1997, defendants filed a notice of removal to this court pursuant to 28 U.S.C. § 1446(b). They asserted that the state court's order establishes for the first time federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs filed a motion to remand this case to the state court, arguing that defendants' notice of removal was untimely. Plaintiffs contend that their arguments in their state court brief as to the inapplicability of federal law to their case should have put defendants on notice of the existence of federal questions and causes of actions. Thus, they argue that the thirty-day limitation period for filing a § 1446(b) notice of removal began no later than the time all briefs relating to the motion for summary judgment were filed in state court.

## II. Discussion

■ Title 28 U.S.C. § 1446(a) allows a defendant who desires to remove a civil action from a state court to file in federal district court a notice of removal containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served on such defendant or defendants in such action." Removal of a state action to federal court is proper only if the action could have been originally filed in federal court because of the existence of either diversity jurisdiction or a federal question. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 391–92, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Lazuka v. Federal Deposit Ins. Corp.,* 931 F.2d 1530 (11th Cir. 1991). However, 28 U.S.C. § 1446(b) further provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, ...

Defendants assert that the state court's order denying their motion for summary judgment caused this case to become removable by indicating for the first time that the case would be decided with reference to federal law.

■ The "well-pleaded complaint" rule requires that the basis for federal jurisdiction appear on the face of the complaint. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct.

2841, 2846–47, 77 L.Ed.2d 420 (1983). Plaintiffs stated no basis for federal jurisdiction in their complaint. In their motion for summary judgment, however, defendants stated that Robins Federal Credit Union is a private non-profit corporation chartered by the National Credit Union Administration under the provisions of the FCUA. Defendants argued, in accordance with *Montford v. Robins Federal Credit Union,* 691 F.Supp. 347 (M.D.Ga.1988), that the FCUA does not provide either an express or an implied private right of action to employees discharged in violation of a credit union's bylaws. Defendants acknowledge that their raising a federal defense to plaintiffs' complaint is not sufficient to create federal question jurisdiction or to provide a basis for removal under § 1446(b). *See Lazuka,* 931 F.2d at 1534.

■ The notice of removal was timely from defendants' viewpoint because it was filed within thirty days from the state court's order in which it became apparent for the first time that the court considered federal law applicable. However, in this court's view the state court's ruling is an insufficient reason to invoke federal question jurisdiction. Defendants' reference in the state court proceedings to the FCUA was offered as a defense to plaintiffs' claims rather than a ground for federal jurisdiction. Plaintiffs have repeatedly disavowed their intention to assert any federal claims in favor of their rights under Georgia law and are entitled to so limit their choice of remedies. The state court's order focused only upon whether the credit union's status under federal law creates an exception to Georgia at-will employment law. Whether Georgia law permits such an exception for officers or employees of a federal union created under federal law is not sufficient in this court's view to create a federal question giving rise to 28 U.S.C. § 1331 jurisdiction or to permit removal under the provisions of § 1446(b).

■ Alternatively, defendants argue that they are entitled to remove this action pursuant to 28 U.S.C. § 1442(a), which provides:

a civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place where it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office....

Section 1442(a)(1) was enacted to allow federal officers and agencies to defend a suit against them in federal court for any act done under color of federal office, even if the suit could not originally have been brought in federal court. *Willingham v. Morgan,* 395 U.S. 402, 406, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969). Federal jurisdiction under § 1442(a)(1) rests on a "federal interest in the matter," and covers all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law. *Willingham,* 395 U.S. at 406, 89 S.Ct. at 1815.

■ It will be assumed for the limited purpose of this order that defendants qualify as a federal agency or a federal officer under § 1442(a)(1), although no such opinion is expressed by this court. Regardless, the removal of a case to federal court must presuppose the availability of an underlying right of action for the wrongs sought to be redressed, for without such right of action there is no federal interest in the matter as far as it concerns federal court. As plaintiffs have neither an express nor an implied private right of action under the FCUA for having been discharged in violation of credit union bylaws, allowing removal only for the purpose of dismissing the federal claims along with the pendent state claims serves no purpose intended by § 1442(a)(1). Therefore, this case will be remanded to state court. The State Court of Houston County is bound by federal court decisions as to whether federal statutes give rise to express or implied private causes of action. Thus, the court upon remand will be necessarily limited to consideration of plaintiffs' right to relief under Georgia law.

For the reasons set forth hereinabove, plaintiffs' motion to remand this case to the

State Court of Houston County is hereby GRANTED. The Clerk of Court is directed to return the record of this case to the state court for further proceedings consistent with this order.